

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-15-2004

# Botros v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1321

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Botros v. Atty Gen USA" (2004). *2004 Decisions.* Paper 1089.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1089

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1321
_____

MAHER BOTROS; SABAH KAMAL;
RAYMON BOTROS and MICHELIN BOTROS,

Petitioners

v.

JOHN ASHCROFT, Attorney General
of the United States,

Respondent

_____

On Petition for Review of an Order of the Board of Immigration Appeals
INS Nos. A75-564-628, A75-564-629, A75-564-630, A75-564-631
_____

Submitted Under Third Circuit LAR 34.1(a) December 16, 2003

Before: ROTH, McKEE, and ROSENN, Circuit Judges

(Filed: January 15, 2004)
_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

Maher Botros (Botros), the petitioner, is a native and citizen of Egypt. He

petitioned for asylum on behalf of his wife, his two children, and himself. Botros entered

the United States in April 1992 at New York as a visitor for pleasure with authorization to remain until November 28, 1993.  However, he remained beyond that date without permission from the United States Immigration and Naturalization Service (INS).  His wife and two children entered the United States in April 1993 as visitors for pleasure with authorization from the INS to remain until February 21, 1994.  However, they also remained beyond the authorization date without permission.  The Botros family filed applications for political asylum in the United States with the INS on February 5, 1998.

On April 6, 1999, the Botros family were issued charging documents alleging that they had overstayed in the United States in violation of Sec. 237(a)(1)(B) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(1)(B).  Through counsel, the respondents in that proceeding (the Botros family) admitted the allegations in the Notice to Appear and conceded removability.  However, they sought relief from removal, having petitioned for political asylum, withholding of removal, and voluntary departure.

The Immigration Judge (IJ) denied petitioner's application for asylum and withholding of removal; however, he granted voluntary departure, finding petitioner's claims not credible.  The petitioner, on behalf of himself and his family, appealed the IJ's order to the Board of Immigration Appeals (BIA or Board) claiming that the IJ erred in denying the requested relief.  The Board duly affirmed the decision of the IJ without opinion.  This appeal followed.  We affirm.

I.

2

Because we write primarily for the parties to explain our decision, we make only brief reference to the facts in this case. Maher Botros, married, a native and citizen of Egypt, testified that he was born in Egypt and fears returning there with his family because of Islamic groups in Egypt that "hate" Christians. Botros and his family are Coptic Christians. He testified about four incidents that caused him fear and claimed that he is on a list to be killed. However, he could not offer any testimony as to what that list was, how it was obtained, or why he was on it.

As to the four incidents, the first was in 1974 and involved a dispute with a subordinate, Muslim employee concerning the performance by the subordinate of an assigned task on the government-run railroad by which they were both employed. The second alleged incident occurred in 1978, also by a Muslim worker on the railroad, who accused Botros of attempting to run him over with a train car. The third alleged incident occured in 1983, shortly after Botros's marriage. He and his wife and child were walking home from a train late in the evening in a relatively deserted area when they were accosted by a group of young Muslim youths. The youths challenged Mrs. Botros for wearing a cross, for not wearing a veil, and made unsolicited comments about her beauty. The fourth incident occurred in 1984 when a group of Muslims attacked his house because of his involvement in an effort to dissuade a daughter of a Christian family from conversion to Islam.

The IJ determined that the incidents of persecution that Botros raised and which

he carefully reviewed did not rise to the level of persecution under the Act. We agree. The IJ also found certain discrepancies between Botros's testimony and record evidence. He was troubled by the lack of any corroborating evidence which raised in the mind of the IJ the question of whether Botros's testimony was largely fabricated. The IJ found that there were adequate discrepancies between Botros's testimony and record evidence to conclude that an adverse credibility finding was supported by substantial evidence.

Botros argues that the adverse credibility finding by the IJ was not supported by substantial evidence and that the IJ failed to provide adequate justification for that determination. Botros also argues that the IJ should not have required corroborating evidence because he, Botros, was credible.

A refugee seeking political asylum is a person who is unable or unwilling to avail himself of the protection of his country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Sec. 101(a)(42)(A) of the INA, 8 U.S.C. § 1101(a)(42)(A). See also INS v. Cardoza-Fonseca, 480 U.S. 421 (1987). The appellants must show that their fear is both subjectively genuine and objectively reasonable. With respect to the withholding of removal, petitioners must show that their lives or freedom would be threatened on account of one of the five factors for persecution stated in the INA. See 8 U.S.C. § 1158(b).

An asylum claim depends upon the truth of the basic factual assertions offered by

the applicant, and because the agency lacks the resources to test the truth of these assertions, the burden is on the applicant to establish a credible claim. The primary means for testing whether the alien has carried that burden is to analyze whether testimony contains discrepancies or is implausible, thus creating a suspicion that the story is not true. When the evidence in the case at hand is viewed in the light most favorable to, and all inferences are drawn in favor of the adverse credibility determination of the IJ, sufficient implausibility is disclosed to support a reasonable conclusion that Botros failed to establish the truthfulness of his claim. Furthermore, he did not demonstrate that the potential mistreatment he fears is protected under the asylum statute.

This court may not reverse the denial of asylum and withholding of removal unless the evidence of record is "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). Botros did not demonstrate that any alleged potential mistreatment was protected under the asylum statute. The adverse credibility finding by the IJ can be judicially reversed only if no reasonable fact finder could have failed to conclude that the evidence petitioner presented is truthful. There were sufficient discrepancies between petitioner's testimony and the record evidence to conclude that the adverse credibility finding by the IJ is supported by substantial evidence. Furthermore, the Botros petitioner did not provide any corroborating evidence.

II.

5

Accordingly, we hold that the BIA committed no error in affirming the decision of the IJ in denying petitioners' application for asylum. The petition for review is denied. Each side to bear its own costs.

_____
TO THE CLERK:

Please file the foregoing opinion.


_____    /s/ Max Rosenn, Circuit Judge